```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL NO. 2:06-00235

**BRIAN RUSH**

## MEMORANDUM OPIONION AND ORDER

Pending before the court is defendant's motion for a competency evaluation to determine the defendant's competence to further proceed in this action, pursuant to 18 U.S.C. §§ 4241(a) and (b).  Accordingly, pursuant to the provisions of 18 U.S.C. §§ 4247(b) and (c), the court **ORDERS** that:

1.  The defendant shall be transported to an institution to be designated by the Bureau of Prisons, and remain at such institution for a period not to exceed forty-five (45) days, for a psychiatric or psychological examination as contemplated by the provisions of 18 U.S.C. §§ 4247(b) and (c).  The court further **ORDERS** that a psychiatric or psychological report be filed with this court.

2.  The report of such examination shall include:

    (A)  The history and present symptoms of the defendant, Brian Rush;

    (B)  A description of the medical, psychiatric, and psychological tests that were employed and their results;

    (C)  The examiners' findings;

    (D)  The examiners' opinions as to diagnosis, prognosis, and whether the defendant, Brian Rush, is

        presently suffering from a physical or mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

    3. The report of examination shall be mailed to the undersigned Judge at P.O. Box 2546, Charleston, West Virginia, 25329.

    Upon receipt of a copy of the psychological or psychiatric report relating to the defendant, the court will schedule a hearing to determine the defendant's competence to proceed. Accordingly, the court **ORDERS** the trial date in this action be continued generally pending determination of the defendant's competence to stand trial.

    With regard to defendant's right to a speedy trial pursuant to 18 U.S.C. § 3161, the court finds that the delay resulting from the continuance granted herein is excluded pursuant to 18 U.S.C. § 3161(h)(1)(A), which excludes delay resulting from examinations to determine the mental competence of the defendant. The court further finds that failure to grant a continuance under the circumstances present in this case would likely result in a miscarriage of justice, pursuant to 18 U.S.C. § 3161(h)(8)(B)(i), and would deny defense counsel the reasonable time necessary for effective preparation, taking into account due diligence, as set forth in 18 U.S.C. § 3161(h)(8)(B)(iv). Accordingly, the court finds, pursuant to 18 U.S.C. § 3163(h)(8)(A), that the ends of

justice served by granting a continuance in this action outweigh the best interest of the public and the defendant in a speedy trial.

For the purpose of calculating time excludable pursuant to 18 U.S.C. § 3161(h), the court finds that the time period from January 16, 2007, to and including the date on which the competency hearing shall be held is excluded, in accordance with 18 U.S.C. §§ 3161(h)(1)(A) and (h)(8)(A), for the reasons herein stated.

The Clerk is directed to send a copy of this memorandum opinion and order to counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

**IT IS SO ORDERED** this 17th day of January, 2007.

                              ENTER:

                              David A. Faber
                              Chief Judge